UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
RENE H. MANLAPIG, *et al.*,                                 :
                                            Plaintiffs,     :
                                                            :        14 Civ. 00235 (LGS)
                        -against-                           :
                                                            :        OPINION & ORDER
JEREMY HORACE JUPITER, *et al.*,                            :
                                            Defendants.     :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiffs Rene and Maristella Manlapig bring this personal injury action against Jeremy Horace Jupiter, and a group of A. Anastasio & Sons Trucking companies ("Anastasio & Sons"), for injuries sustained while driving on the upper level of the George Washington Bridge. Plaintiffs move for partial summary judgment as to liability. As discussed, below, the motion is granted.

**BACKGROUND**

      The following facts are taken from the Plaintiffs' Rule 56.1 Statement, which the Defendant admitted in its entirety, and other submissions filed in connection with this summary judgment motion.

      On July 17, 2012, both Plaintiff Rene Manlapig and Defendant Jupiter were driving eastbound on the upper level of the George Washington Bridge toward New York City. Plaintiff was driving a truck and following Defendant Jupiter, who was operating an Anastasio & Sons tractor-trailer. Defendant was carrying a 40-foot freight high-cube container. The actual height of the semi-trailer was 14' 6", while the posted height of the overpass on the Bridge's upper level and the maximum total height of any vehicle allowed to operate on the roads of New York City and State is 13' 6". *See* N.Y. Veh. & Traf. Law § 385(2) (McKinney 2014); 34 R.C.N.Y. § 4-

15(b)(2).

Defendants' semi-trailer truck drove under the overpass on the Bridge's upper level, causing the 40-foot freight high-cube container to hit the overpass, propelling it off the truck's flatbed and onto traffic on the bridge, striking Plaintiff's vehicle. The responding police officer determined that Mr. Jupiter's failure to obey a traffic sign or signal was the cause of the accident and that no contributing factor was attributed to the Plaintiff. A sign presumably warned vehicles of the maximum permissible height for crossing under the overpass, although the parties' submissions do not describe the sign or signal.

## STANDARD

The standard for summary judgment is well established. Summary judgment is appropriate where the record before the Court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must construe the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. *See id.* at 255.

## Discussion

Plaintiffs seek summary judgment only on the issue of liability. Defendants oppose the motion, arguing that the evidence in the record is insufficient to determine their negligence and that the third party who loaded the truck is responsible for Plaintiffs' injuries. Summary judgment on liability is granted to Plaintiffs, because Defendants have adduced no evidence to create a genuine issue of material fact from which a reasonable jury could conclude that Defendants were not negligent.

New York Vehicle and Traffic Law § 385(2) prohibits vehicles over 13' 6" from operating on New York roads.  N.Y. Veh. & Traf. Law § 385(2).  It is well-settled in New York that Vehicle & Traffic Law § 385 "has been held to impose absolute liability upon the operator of an over-height vehicle for damages sustained by virtue of an excessively high load." *Ebasco Servs., Inc. v. Pac. Intermountain Exp. Co.*, 398 F. Supp. 565, 567 (S.D.N.Y. 1975); *Norwich Union Fire Ins. Soc., Ltd. v. Lykes Bros. S.S. Co., Inc.*, 741 F. Supp. 1051, 1056 n.5 (S.D.N.Y. 1990) ("[A]n operator of a vehicle that exceeds the maximum height specified in § 385 will be strictly liable to a private plaintiff for damages proximately caused by the vehicle's excessive height.").

Defendant Jupiter was operating a vehicle that exceeded the maximum permissible height of a vehicle under New York Vehicle and Traffic Law § 385(2).  Accordingly, Defendant Jupiter was negligent as a matter of law and is liable to Plaintiffs for any foreseeable damages proximately caused by his actions.  Anastasio & Sons is also liable to Plaintiffs, as the owner of the vehicle operated by Mr. Jupiter.  *See* N.Y. Veh. & Traf. Law § 388 (McKinney 2014) ("Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.").

Defendants raise two arguments in opposition to Plaintiffs' motion.  First, Defendants argue that Plaintiffs' motion is premature pursuant to Federal Rule of Civil Procedure 56(d).  Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that . . . it cannot present facts essential to justify its opposition," the court may issue appropriate relief to permit the nonmovant to oppose a summary judgment motion.  Fed. R. Civ. P. 56(d).  Defendants

provide no affidavit or declaration identifying specific facts essential to their opposition, and this argument is accordingly without merit.

Second, Defendants argue that to the extent they are responsible for Plaintiffs' injuries, a third-party, Integrated Industries Corporation ("Integrated"), is responsible for the damages. Defendants' submissions on this matter establish grounds for Defendants to bring a third-party claim against Integrated pursuant to Federal Rule of Civil Procedure 14, but they do not create a dispute regarding any issue of material fact bearing on Defendants' liability to Plaintiffs. *See Ebasco*, 398 F. Supp. at 567 (denying summary judgment on third party indemnity action in over-height trucking case).

Plaintiffs' motion for summary judgment on the issue of liability accordingly is granted.

## CONCLUSION

Plaintiffs' Motion for Partial Summary Judgment is GRANTED. Defendants filed a third-party complaint against Integrated on August 5, 2014, which the Court permits under Rule 14. The Clerk of Court is directed to close the motion at Dkt. No. 17. The parties shall appear for a status conference on September 10, 2014 at 11:00 a.m.

SO ORDERED.

Dated: August 11, 2014
    New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**