UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                           :

  RENE H. MANLAPIG, et al.,             :

                      Plaintiffs,  :

                                   :

            -against-             :

                                   :

  JEREMY HORACE JUPITER, et al.,      :

                      Defendants. :

                                   :

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _03/10/2016_

14 Civ. 235 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

      Plaintiffs move to exclude testimony from Defendants' expert in biomechanics under Federal Rule of Civil Procedure 702. For the following reasons, the motion is denied.

I.    **BACKGROUND**

      This case concerns injuries allegedly suffered by Rene Manlapig (hereinafter "Plaintiff") during a July 17, 2012, motor vehicle accident. While driving in front of Plaintiff on the upper level of the George Washington Bridge, an oversized container loaded on Defendants' truck struck an overpass, propelling it off the truck's bed and into oncoming traffic. *Manlapig v. Jupiter*, No. 14 Civ. 235, 2014 WL 3906464, at *1 (S.D.N.Y. Aug. 11, 2014). Plaintiff's vehicle collided with the container, allegedly causing Plaintiff "serious injuries to his spine, including, but not limited to, herniations and bulges of his spinal discs . . . and damage to the spinal structures and nerves that are permanent and progressive."

      At issue is testimony from a defense expert witness, Dr. Mariusz Ziejewski, Ph.D. In his December 18, 2014, report, Ziejewski concluded that (1) the change of velocity for Plaintiff's vehicle upon impact with the container was less than 15 mph, (2) the impact force between Plaintiff's vehicle and the container was greater than 100,000 lbs., (3) Plaintiff's seatbelt was designed to provide proper protection for the collision's severity, (4) the weighted percentage of

occupants who would suffer an "Abbreviated Scale Injury" of 2 or more was 0.12% for a collision of that severity and (5) it was more likely than not that a similarly-situated person would have suffered only a minor injury. At his July 27, 2015, deposition, Ziejewski reaffirmed the conclusions contained in his report. On January 21, 2016, Plaintiff filed the instant motion in limine to preclude Ziejewski's testimony under Rule 702.

## II.  **STANDARD**

Rule 702 governs the admissibility of expert testimony. The rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Courts play a "gatekeeping" role within the Rule 702 framework, and are "charged 'with the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'"  *Amorgianos v. Nat'l Ry. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993)). Examination of an expert's analysis should be "rigorous," but "[a] minor flaw in an expert's reasoning or a slight modification of an otherwise reliable method will not render an expert's opinion *per se* inadmissible." *Id.* at 267.

## III.  **DISCUSSION**

For the following reasons, the report and deposition testimony from Defendants' biomechanics expert are admissible under Rule 702.

First, Ziejewski's opinions are "relevant to the task at hand." *Amorgianos*, 303 F.3d at 265. Rule 401 provides that "[e]vidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining

2

the action." Fed. R. Evid. 401.  A key issue at trial will be the jury's determination of the cause and extent of Plaintiff's injuries.  Ziejewski's opinions concerning the force of the impact between Manlapig's vehicle and the fallen shipping container, and the effects that force would have on the human body, are therefore relevant.[1]

Second, Ziejewski's testimony meets the Rule 702 requirements for reliability.  Ziejewski is a tenured professor at North Dakota State University's Department of Mechanical Engineering, with decades of experience in the field of human body biomechanics.  He is therefore "a witness qualified as an expert by knowledge, skill, experience, training, [and] education" under Rule 702.  *See Burke v. Transam Trucking, Inc.*, 617 F. Supp. 2d 327, 330 (M.D. Pa. 2009) (noting that Ziejewski "has specialized knowledge, skill and training in the field of biomechanics and has continually been recognized as a biomechanic expert in many courts throughout the country for the past twenty-five years.").

Ziejewski's opinions are also based on sufficient facts and data, and are the products of reliable principles and methods that were reliably applied to the facts of this case.  In reaching his conclusions, Ziejewski reviewed various case materials, including the traffic collision report, Plaintiff's medical records, Plaintiff's discovery responses and deposition transcript, and photographs of the accident site, Plaintiff's vehicle and the fallen container.  Ziejewski determined vehicle measurements and parameters for the two automobiles involved in the

---

[1]       Plaintiffs rely on a Washington state appellate court's decision in *Stedman v. Cooper* for the proposition that any expert testimony on "general causation" would be irrelevant.  292 P.3d 764, 768–70 (Wash. Ct. App. 2012).  In addition to the fact that the case is not controlling authority, Plaintiffs mischaracterize the opinion.  *Stedman* applied Washington precedent to hold that the lower court did not abuse its discretion in finding that the excluded testimony was more likely to be misleading than helpful.  *Id.* at 769–70.  Moreover, as another Washington appellate court later held, "[t]o the extent that the *Stedman* court suggested that the force of impact is always irrelevant or that it is improper for a jury to infer that minimal force did not cause injury in a particular case, we disagree.  The force of impact—whether slight or significant—is often relevant in personal injury cases." *Johnston-Forbes v. Matsunaga*, 311 P.3d 1260, 1264 (Wash. Ct. App. 2013).

accident, conducted a "surrogate fit analysis" of an exemplar of Plaintiff's vehicle, and assessed certain properties of Plaintiff's body using a computer program for generating body data.

The expert report also identifies scientific support for each step of its analysis.  The report included citations to peer-reviewed publications on "dynamic progressive buckling" and accident reconstruction using "photogrammetry," as well as other studies on the mechanisms of injury to the human spine.  The report also explains how, by using the facts available, it arrived at its conclusions on the "delta-v" (the change of speed upon impact) and impact force for the July 17, 2012, accident.  Because Ziejewski's opinions are based on accepted principles of biomechanics that he reliably applied to the facts of this case, his testimony meets each of the Rule 702's requirements.

Plaintiffs raise various objections to Ziejewski's testimony.  First, Plaintiffs argue that Defendants' expert is not qualified to render an opinion on what caused Plaintiff's *specific* injuries because he is not a medical doctor or otherwise medically trained.  This argument is unavailing, however, as Ziejewski has repeatedly disavowed any intent to show specific causation.  Ziejewski's report states that "[b]iomechanical engineers do not perform clinical diagnoses[;] they accept the diagnoses as presented in the medical records."  At deposition, Ziejewski continued:

> I use all the specifics for this case.  The one condition -- one piece of information that does not allow me to answer "yes" or "no" [to] your question is that I am assuming that the plaintiff is the average person.  I did not examine him.  That's not my role.  That's not my expertise.  So it is specific in terms of the engineering components.  Does not deal with medical issues at all.

Courts throughout the country have allowed similar testimony -- biomechanical analysis concerning general causation -- as long as the expert did not seek also to testify on the medical causes of any given injury.  *See, e.g.*, *Burke*, 617 F. Supp. 2d at 334 ("Dr. Ziejewski may not testify as to the extent of injuries suffered by Plaintiff, . . . but may testify that the force sustained

by Plaintiff in the subject accident could potentially cause certain injuries as this amounts to a biomechanical determination."); *Morgan v. Girgis*, No. 7 Civ. 1960, 2008 WL 211520, at *6 (S.D.N.Y. May 16, 2008) (collecting cases and holding that expert was "clearly qualified to testify about the nature and amount of force generated by the accident in question and the observed effect of that force on a human body in comparable accidents"); *Bowers v. Norfolk S. Corp.*, 537 F. Supp. 2d 1343, 1377 (M.D. Ga. 2007) ("In the context of litigation, . . . biomechanical engineers typically are found to be qualified to render an opinion as to the forces generated in a particular accident and the general types of injuries those forces may generate.").

Because Ziejewski does not purport to offer testimony on the specific cause of Plaintiff's injuries, the cases Plaintiffs cite where his testimony was excluded or limited are inapposite. In *In re Antill Pipeline Construction Co.*, the court allowed a report Ziejewski had authored, but noted that his opinion relied "extensively on matters that fall squarely within the providence of a medical expert." Nos. 9 Civ. 3646, 10 Civ. 2633, 2013 WL 263510, at *1 (E.D. La. Jan. 23, 2013). In *Wagoner v. Schlumberger Technology Corp.*, the court similarly held that Ziejewski was precluded from testifying on whether the impact force in that case was sufficient to cause traumatic brain injury, and that the incident in that case caused the plaintiff's brain damage. No. 7 Civ. 244, 2008 WL 5120750, at *1 (D. Wyo. June 19, 2008).

In contrast to those cases, Ziejewski here has explicitly limited his testimony, disclaiming any medical opinion on the specific causes of Plaintiff's injury. Indeed, the nature of Ziejewski's proffered testimony is in line with his testimony permitted in *Wagoner.* The court held that Ziejewski could, "for example, testify as to the forces involved in the low speed accident and how those forces may affect an individual or object; [he] may not express any opinions regarding whether [plaintiff] has suffered a brain injury in this case or as to the probable cause of the alleged brain injury." *Id.* Ziejewski is qualified to testify on the biomechanical analysis he

conducted of the accident and his conclusions on general causation.

Plaintiffs raise additional arguments concerning the facts and data Ziejewski used in reaching his conclusions.  For example, Plaintiffs argue that his opinion is unreliable because he did not examine the vehicles involved in the July 17, 2012, accident.  Specifically, Plaintiffs claim that the exemplar he used for Plaintiff's vehicle was for a different year and based on a different weight.  Plaintiffs also fault Ziejewski for not visiting or inspecting the accident location, or inquiring into the specifics of Plaintiff's body, position within the vehicle or health history.

As noted, however, Ziejewski reconstructed the accident using information available to him from various reports and images of the accident, and explained each step of his analysis.  He also reviewed Plaintiff's medical records, but made clear that his conclusions were not specific to Plaintiff or his injuries.  Given the nature of his conclusions, the fact that Ziejewski did not engage in such event or patient-specific inquiries does not render his conclusions necessarily unreliable.  *See Morgan*, 2008 WL 2115250 at *4 (opinion had sufficient factual basis and reasonably applied those facts even though expert did not visit scene of accident, inspect vehicles, or interview plaintiff).  And any objections to his assumptions -- such as the weight of Plaintiff's vehicle at the time of the accident or the equivalency of Plaintiff and the human surrogate Ziejewski used -- go to the weight of expert testimony and not its admissibility.  *See Burke*, 617 F. Supp. 2d at 335 ("[M]any of Defendants' arguments and criticisms of Dr. Ziejewski's methodology and inputs used went more to the weight of the evidence, rather than to his ability to testify as an expert in this case.").  Plaintiffs may cross-examine Ziejewski on these points at trial, but they do not provide a basis to exclude his testimony altogether.

IV.    **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion in limine is DENIED.

The Clerk of Court is directed to close the motion at Docket No. 127.

SO ORDERED.

Dated: March 10, 2016
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**